```
CENTER FOR DISABILITY ACCESS
MARK D. POTTER, ESQ., SBN 166317
PHYL GRACE, ESQ., SBN 171771
Mail: P.O. Box 262490
San Diego, CA 92196-2490
Deliveries: 9845 Erma Road, Suite 300
San Diego, CA 92131
Phone: (858) 375-7385
Fax: (888) 422-5191
phylg@potterhandy.com
```

Attorney for Plaintiff SCOTT JOHNSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br>v.<br><br>MIDTOWN GAS AND FOOD MART, LLC., a California Limited Liability Company; and Does 1-10,<br><br>    Defendant. | No. 2:14-cv-01117-JAM-DAD<br><br>**Stipulation and Order Regarding Defendants' Financial Wherewithal and Defendants' Discovery Responses** |

## JOINT STIPULATION

The following terms, phrases, and definitions will be applied in this stipulation and are intended to conform to the usage given in the Americans with Disabilities Act Accessibility Guidelines:

**ADAAG**: Americans with Disabilities Act Accessibility Guidelines found

at 28 C.F.R. Part 36.

**ACCESSIBLE:** Complying with the technical requirements of the ADAAG.

**SUBJECT PROPERTY:** Midtown Chevron located at or about 1031 30th Street, Sacramento, California.

**READILY ACHIEVABLE:** Shall have the same definition as that found at 42 U.S.C. § 12181(9).

**BARRIER:** Any architectural or configuration element of the subject property that does not comply with the technical provisions found in the Americans With Disabilities Act Accessibility Guidelines and/or Title 24 of the California Code of Regulations, and which is identified in the Plaintiff's complaint.

**PLAINTIFF SCOTT JOHNSON AND DEFENDANT MIDTOWN GAS AND FOOD MART, LLC, BY AND THROUGH THEIR ATTORNEYS OF RECORD, HEREBY STIPULATE:**

**WHEREAS** Plaintiff has propounded written discovery to assist him in determining the ability of the Stipulating Defendant to undergo "readily achievable" barrier removal and to support Plaintiff's damages assessment; and

**WHEREAS** such discovery information is of a personal and confidential nature and, therefore, the Stipulating Defendant have a legitimate concern about unnecessarily producing such information;

The Plaintiff and the Stipulating Defendant enter into the following stipulation:

**Plaintiff**: Plaintiff will currently forbear from propounding any discovery that seeks information concerning the financial status, ability, or wherewithal of the Stipulating Defendant. Plaintiff also withdraws all discovery already propounded concerning this information, including but not limited to:

1  Interrogatories, Set One, nos. 3, 14, and 15 and Requests for Production of Documents, Set One, nos.
2  9, 11, and 12.

3

4  **Stipulating Defendants**: The Stipulating Defendants hereby declare that in determining whether the
5  removal of a BARRIER is READILY ACHIEVABLE, factors such as the (1) Stipulating Defendant's
6  financial resources; (2) the facility's financial resources; (3) the "effect on expenses and resources";
7  and (4) impact on finances, shall NOT be raised by STIPULATING DEFENDANT as a defense as to
8  why the Stipulating Defendant cannot remedy and/or remove those alleged BARRIERS. Defendant
9  further stipulate to respond fully to all discovery requests not concerning the financial status, ability,
10 or wherewithal of the Stipulating Defendant within 14 days of the Court's Order.

11

12 **NOTE:**   Stipulating Defendant is **not** stipulating (A) liability to the Plaintiff; (B) that the above
13 identified barrier removals are required by law; (C) that the above referenced barriers exist; or (D) that
14 they are subject to the ADA or related state disability access laws.

15

16 **NOTE:**  The parties understand that the Plaintiff reserves his right to seek financial information in
17 support of a claim for punitive damages. However, Plaintiff will forbear from seeking that information
18 until Plaintiff believes that further discovery information warrants the prosecution of a punitive
19 damages claim against the Stipulating Defendant. Even if Plaintiff reaches a decision that a punitive
20 damages claim should be prosecuted, Plaintiff will, nonetheless, wait until the end of the discovery
21 window to request such information so as to allow maximum opportunity for resolution of the case.

22

23

24 **IT IS SO STIPULATED.**

25 Dated:  May 28, 2015                      CENTER FOR DISABILITY ACCESS

26

27

                                             By:     /s/ Amanda Lockhart

AMANDA LOCKHART
Attorney for Plaintiff

Dated: June 15, 2015          MICHAEL D. WELCH ASSOCIATES


By:   /s/ Michael D. Welch
MICHAEL D. WELCH
Attorney for Defendants

**ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: June 16, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
johnson1117.stip.disc.ord.docx