UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>  v.<br><br>MIDTOWN GAS AND FOOD MART, LLC,<br><br>        Defendant. | No.  2:14-cv-01117-JAM-DAD<br><br>**ORDER AWARDING FEES AND EXPENSES** |

Plaintiff Scott Johnson ("Plaintiff") sued Defendant Midtown Gas and Food Mart ("Defendant") for architectural barriers in violation of the Americans with Disabilities Act and California law.  The Court granted summary judgment for Plaintiff, who now moves for an award of fees.[1]

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff suffers from quadriplegia and uses a wheelchair

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for December 16, 2015.

1

for mobility. Johnson Decl. (Doc. #11) ¶ 2. He visited Defendant's store to buy cigarettes in January 2014 and encountered multiple accessibility barriers in the parking lot, on the entrance doors, and inside the store. Id. ¶¶ 5-15. He returned to the store multiple times in February 2014. Id. ¶ 18.

In October 2015, the Court granted summary judgment for Plaintiff and awarded $4,000 in statutory damages (Doc. #14). Plaintiff now requests attorneys' fees (Doc. #16) and Defendant opposes the request in part (Doc #17).

## II. OPINION

Plaintiff is entitled to reasonable attorneys' fees and expenses. See 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). The parties agree that the loadstar method is appropriate for calculating fees in this case. See Hall v. City of Fairfield, 2014 WL 1286001, at *3 (E.D. Cal. Mar. 31, 2014) (citing Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 69-70 (9th Cir. 1975)).

Defendant argues that Mr. Potter's hourly rate is too high and that many of the tasks he completed should have been done by a less senior attorney. Opp. at 2. Defendant also discusses a settlement offer it made to Plaintiff. Opp. at 1. Defendant refers to this offer as a "FRCP Rule 68 Offer of Judgment." Id. Defendant does not argue that the offer should have cut off Plaintiff's attorneys' fees,[2] but rather refers to the offer only as a means of arguing that "[the] case could have settled a year

---

[2] Plaintiff argues at length against this proposition in his reply. See Reply at 1-7. But because Defendant did not make this argument in the first place, the Court will not address the arguments in response.

2

ago[.]"  Id. at 1:27.  All in all, Defendant contends that the Court should award "something in the $9,000 range[.]"  Id. at 2:25.

Plaintiff's motion requests $13,680, but his reply reduces the request to $10,030.  The reduction acknowledges that the requested hourly rate of $350 is too high and also changes the eight hours billed for the anticipated reply and hearing in this matter to one hour.  Mot. at 13; Reply at 9-10.

As to the settlement offer, the Court recently ruled that a nearly identical offer did not cut off fees and that the Plaintiff acted reasonably in not accepting the offer.  See Johnson v. Lanza, 2:14-cv-00217-JAM-DAD (Doc. #27) (Dec. 2, 2015); Opp. Exh. A.  Unlike in Lanza, the parties here have not presented to the Court the context of this settlement offer; Defendant only provides a copy of the two-sentence offer itself, does not explain what efforts Defendant made to settle, and does not even provide evidence of how Plaintiff responded to the offer.  The Court therefore sees no basis for concluding that the case should have settled long ago.

Instead, the Court finds that the hours billed and tasks completed over the course of this litigation are reasonable.  The Court agrees with Plaintiff's revised request for an hourly rate of $300 per hour for Mr. Potter.  See Johnson v. Lanza, 2:14-cv-00217-JAM-DAD (Doc. #27) (Dec. 2, 2015); Johnson v. Wayside Prop., Inc., 2014 WL 6634324, at *5 (E.D. Cal. Nov. 21, 2014), appeal dismissed (Apr. 27, 2015).  Defendant does not challenge rates for the other attorneys on this case and the Court finds them to be reasonable.  Finally, the Court will not reduce fees

on the basis that tasks completed by Mr. Potter should have been done by another attorney. See <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1115 (9th Cir. 2008) ("The court may permissibly look to the hourly rates charged by comparable attorneys for similar work, but may not attempt to impose its own judgment regarding the best way to operate a law firm, nor to determine if different staffing decisions might have led to different fee requests."). The tasks completed by Mr. Potter are reasonable.

### III.   ORDER

For these reasons, Plaintiff's motion for attorneys' fees and expenses is GRANTED.  The Court awards $10,030.

IT IS SO ORDERED.

Dated:   January 4, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE